1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DILLON EDWARD ALCALA,

                Plaintiff,

      vs.

EATON, et al.,

                Defendants.

**1:21-cv-00592-GSA-PC**

**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

**(ECF Nos. 1, 2.)**

**30 DAY DEADLINE TO RESPOND**

22

23

24

25

26

      Dillon Edward Alcala ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On April 8, 2021, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)  On April 29, 2021, Plaintiff filed the First Amended Complaint as a matter of course, which is now before the Court for screening.  (ECF No. 8.)  28 U.S.C. § 1915A.

27

28

      In his Complaint and First Amended Complaint, Plaintiff indicates that he did not complete the exhaustion process at Sierra Conservation Center.  In the Complaint Plaintiff asserts

1    that "[t]here was no suitable remedy to this situation because I was already exposed to the [Covid]

2    virus."   (ECF No. 1 at 3 ¶ 5, 4 ¶ 5.)  In the First Amended Complaint, Plaintiff asserts that he

3    sent in a medical grievance form (CDCR Form 602 HC) demanding to speak to a medical officer,

4    but he never received a verbal or written response.  (ECF No. 8 at 8 ¶ 17.)  Plaintiff acknowledges

5    that there were grievance procedures available at the prison, but he did not appeal his request for

6    relief to the highest level.

7         Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

8    respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

9    confined in any jail, prison, or other correctional facility until such administrative remedies as

10   are available are exhausted."   42 U.S.C. § 1997e(a).   Prisoners are required to exhaust the

11   available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct.

12   910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).   Exhaustion is

13   required regardless of the relief sought by the prisoner and regardless of the relief offered by the

14   process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion

15   requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122

16   S.Ct. 983 (2002).

17        Prisoners are required to exhaust before bringing suit.  Booth, 532 U.S. at 741.  From the

18   face of Plaintiff's Complaint and First Amended Complaint, it appears clear that Plaintiff filed

19   suit prematurely and in such instances, the case may be dismissed.  Albino v. Baca, 747 F.3d

20   1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint,

21   case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune,

22   315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground

23   for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also

24   Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim

25   under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim

26   under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113,

27   1121 (9th Cir. 2012)).  Therefore, Plaintiff shall be required to show cause why this case should

28   not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER TO SHOW CAUSE

In light of the foregoing analysis, Plaintiff is HEREBY ORDERED to respond in writing to this order, within **thirty (30) days** of the date of service of this order, showing cause why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit. **Failure to respond to this order may result in the dismissal of this case.**

IT IS SO ORDERED.

Dated:   __**November 30, 2022**__                              _____/s/ Gary S. Austin__
                                                                                        UNITED STATES MAGISTRATE JUDGE